UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CATHRYN FULLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 19-0327-cv-FJG |
| | ) | |
| v. | ) | |
| | ) | |
| FARMERS INSURANCE COMPANY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rules 16.1 and 26.1(a), a discovery and case management meeting was held on May 28, 2019 and was attended by Brennan Delaney on behalf of Plaintiff, and Timothy Wolf on behalf of Farmers Insurance Company, Inc. Following said meeting and pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the parties hereby submit their Joint Proposed Scheduling Order and Discovery Plan for the Court's review and consideration:

**I. PROPOSED SCHEDULING ORDER DEADLINES**

Pursuant to Local Rule 16.1(d), the parties submit their proposed scheduling order as follows:

1. Any motion to join additional parties shall be filed on or before **August 16, 2019.**

2. All dispositive motions shall be filed by **February 28, 2020.**

3. Discovery Plan. *See* Section II, *infra*.

4. The parties estimate this case will take 5 days to try to a jury.

5. The parties propose a jury trial commencing April 2020.

6. The parties do not anticipate requesting a protective order.

1

## II. DISCOVERY PLAN

In addition to the foregoing and pursuant to Local Rule 26.1(c), the parties submit their discovery plan as follows:

### A. Rule 26(a) Disclosures.

1. **Initial Rule 26(a)(1) Disclosures**. In accordance with Rule 26(a)(1)(C), the parties exchanged initial disclosures pursuant to Rule 26(a)(1) on or before **June 11, 2019**.

2. **Plaintiffs' Rule 26(a)(2) Disclosures (Experts)**. The parties propose **August 2, 2019**. Depositions of said experts shall be completed by **September 20, 2019**.

3. **Defendant's Rule 26(a)(2) Disclosures (Experts)**. The parties propose **November 1, 2019**. Depositions of said experts shall be completed by **December 20, 2019**.

4. **Changes to Rule 26(a)**. The parties do not propose any changes in the timing, form, or requirement for disclosures under Rule 26(a).

### B. Discovery.

1. **Subjects of Discovery**:

    a. The witnesses who possess relevant information include:

    (1) Cathryn Fuller, Plaintiff; Ms. Fuller may have knowledge pertaining to the facts and circumstances surrounding her claim for coverage under Farmers Policy No. 19353-18-46, her settlement with Jessica Pike following the accident, the injuries she sustained in the accident of and the medical treatment related thereto, her alleged damages and the allegations in the instant action.

    (2) Christopher Fuller, Plaintiff's Father; Mr. Fuller may have knowledge pertaining to the facts and circumstances surrounding Plaintiff's claim for coverage under Farmers Policy No. 19353-18-46, her settlement with Jessica Pike following the accident, the injuries she sustained in the accident of and the medical treatment related thereto, her alleged damages and the allegations in the instant action. •

(3) Leslie Fuller, Plaintiff's mother; Ms. Fuller may have knowledge pertaining to the facts and circumstances surrounding Plaintiff's claim for coverage under Farmers Policy No. 19353-18-46, her settlement with Jessica Pike following the accident, the injuries she sustained in the accident of and the medical treatment related thereto, her alleged damages and the allegations in the instant action.

(4) Jessica Pike, Driver; Ms. Pike may have knowledge regarding the subject accident and the facts and circumstances surrounding her settlement with Plaintiff.

(5) Blue Springs Police Department Officers; One or more present or former agent(s), employee(s), or representative(s) of Blue Springs Police Department, including but not limited to Reporting Officer William M. Ely, may have knowledge regarding the various facts and allegations set forth by Plaintiff in her Petition. Specifically, the subject accident and the medical conditions of Cathryn Fuller.

(6) Todd Williams, Farmers Insurance Company Claims Representative responsible for Plaintiff's insurance claim and other Farmers' employees may possess information and may testify regarding the facts surrounding the policy of automobile liability insurance issued by Farmers at issue in this case; can be contacted through counsel.

(7) Plaintiff's Treating Medical Providers; see Plaintiff's disclosures of all medical providers and contact information; One or more present or former agent(s), employee(s), or representative(s) of each of Plaintiff's disclosed medical providers, is likely to have knowledge regarding the various facts and allegations set forth by Plaintiff in her Petition and the extent of her claimed medical damages.

b. The parties believe Plaintiff's medical and educational records as well and Defendant's claim file may support the claims, counterclaims, defenses, and damages alleged in the underlying lawsuit;

c. Plaintiff have; thus, far computed damages as follows, which Defendant disputes:

3

(1) Past Medical and Rehabilitation Costs: $11,045.00

(2) Future Medical and Rehabilitation $1,934,274.70

d. The parties believe that the depositions of the witnesses identified in (a)1-6 as well as one more treating medical provider may be necessary.

e. Depositions of expert witnesses; and

f. Such other discovery as may be appropriate based upon the facts revealed during investigation and discovery.

2. **Completion of Discovery**. The parties propose **January 31, 2020**. The parties anticipate that there will be substantial discovery as to Plaintiff's injuries and damages, including the testimony of multiple expert witnesses.

3. The parties do not believe discovery should be conducted in phases or be limited to or focused on particular issues.

C. **Electronically Stored Information (ESI).** The parties are unaware of any issues about disclosure, discovery or preservation of electronically stored information in that such information in this case will be limited.

D. **Agreements about privilege or work-product protection.**

Any party withholding documents from production under a claim of privilege or protection shall prepare and submit to the other party a privilege log identifying, at a minimum, the name(s) of the author; the name(s) of all recipients; the date of the document; the privilege asserted; and a description of the document sufficient for the receiving party to assess the claim of privilege. Such privilege log shall be produced at the time the producing party produces documents responsive to a document request, or within a reasonable time thereafter.

The parties agree if a Party inadvertently discloses privileged or trial preparation materials, it must notify the requesting party of such disclosure promptly after learning of the inadvertent

disclosure.  Additionally, any Party who receives documents produced in this litigation that the Receiving Party reasonably believes might constitute an attorney-client privileged or work product protected document, shall promptly so notify the Producing Party.

Upon receipt of notification from the Producing Party that privileged or trial preparation materials were inadvertently produced, or upon belief that material has been inadvertently produced, the party receiving such material shall return, sequester or destroy – at the producing party's election – all such information and copies, may not use or disclose this information; and must take reasonable steps to retrieve the information if the party disclosed it before being notified, unless the Receiving Party disputes the claim of privilege or protection.

If the Receiving Party challenges the Producing Party's claim of privilege or protection, the Receiving Party may, in lieu of returning or destroying it, sequester the document and all copies.  If the Receiving Party disclosed such materials before being notified of a claim of privilege or protection, the Receiving Party shall take reasonable steps to retrieve the materials.  The Receiving Party shall, within ten (10) days of notice from the Producing Party of the claim of privilege or protection, notify the Producing Party of the challenge in writing, stating the legal and factual bases for the dispute.  Within ten (10) days after receipt of written notice disputing the claim of privilege or protection, the Producing Party shall file a motion with the Court to require return of the documents or things claimed to be privileged or protected from disclosure or production.  The Producing Party shall have the burden of showing the existence of the privilege or immunity.  From receipt of notice and until this Court resolves any such motion, the Receiving Party shall maintain the documents or things at issue on an attorney's eyes-only basis.  If the Producing Party fails to timely file a motion with the Court to require return of the documents or things claimed to be privileged or protected, any privilege or protection shall be deemed to be

waived, and the Receiving Party may thereafter treat the document as non-privileged and not protected from disclosure.

  **E.**  **Discovery Changes.** The parties agree that should either party seek discovery beyond that permitted by the rules in the future, they will first confer with one another prior to filing any motions for leave to take additional discovery or remove any limitations on discovery.

  **F.**  **Other Orders.** None.

WHEREFORE, the parties respectfully request that this Honorable Court enter a Scheduling Order and such further relief as the Court deems appropriate.

Dated: June 14, 2019

            Respectfully submitted,

            /s/ Brennan B. Delaney
            Michael W. Manners, MO Bar #25394
            Brennan B. Delaney, MO Bar #61024
            **LANGDON & EMISON, LLC**
            911 Main Street
            P.O. Box 220
            Lexington, Missouri 64067
            Telephone: (660) 259-6175
            Facsimile: (660) 259-4571
            Mike@lelaw.com
            Brennan@lelaw.com
            **ATTORNEYS FOR PLAINTIFFS**

            /s/ Timothy J. Wolf
            Timothy J. Wolf #53099 MO
            Kathleen A. McCarthy #69218 MO
            **BROWN & JAMES, P.C.**
            800 Market Street, Suite 1100
            St. Louis, Missouri 63101-2501
            314-421-3400
            314-421-3128 — FAX
            twolf@bjpc.com
            kmccarthy@bjpc.com
            **ATTORNEYS FOR DEFENDANT**
            **FARMERS INSURANCE**
            **COMPANY, INC.**